## PLIMPTON *v.* WINSLOW.

*(Circuit Court, D. Massachusetts. July 31, 1880.)*

1. PATENT No. 55,901 — IMPROVEMENTS IN PARLOR SKATES — PRIOR
   PATENT. — Patent No. 55,901, granted James L. Plimpton for im-
   provements in parlor skates, is not rendered void by a prior patent for
   parlor skates containing the same underlying principle, where the
   differences in construction appeared on inspection, and on evidence
   as to the state of the art, to be patentable improvements.

2. SAME—SAME—INFRINGEMENT—INJUNCTION.—A preliminary injunc-
   tion will be issued to restrain the infringement of such patent,
   although the original patent has expired and such subsequent patent
   has never been sustained on final hearing, where it clearly appears
   that that patent has been intentionally infringed under a patent pro-
   cured for the purpose, where the remedy is important to the plaintiff,
   and no reason is shown, arising out of the situation of the defendant,
   why the injunction should not be granted.

In Equity. Motion for injunction, *pendente lite.*

*Thomas W. Clarke,* for complainant.

*John L. S. Roberts,* for defendant.

LOWELL, C. J. The complainant, James L. Plimpton,
obtained, in 1863, a patent for parlor skates, or skates on
rollers, which is admitted to be the first in time, and to have
embodied a principle which is necessary to the successful
operation of all such skates. That patent has expired. The
same inventor obtained, in 1866, the patent No. 55,901, now
in suit, which, while it has the underlying principle of the
patent of 1863, is maintained by the complainant to be a
very great improvement upon the original structure—so great
as to have been necessary to the successful practical use of
the invention. This patent has been once sustained in this
country, though not on a final hearing.

The complainant caused a patent to be taken out in Eng-
land, which described his skate of 1866 as the best form of
embodying his invention, and which made a broad claim to
the invention of skates with rollers which cramped or turned
so as to enable the skater to make curved lines without rais-
ing the rollers from the floor. This patent was repeatedly
sustained in England, by verdict and decree, against various

forms of skates. The skates were used in this country to a considerable extent, and not infringed.

The patentee can no longer claim the broad principle of his invention of 1863, and the defendant insists that the judgments and decrees in England, and the acquiescence in this country, excepting in the single case above mentioned, must be understood to relate to the patent of 1863, and when that has expired the particular structure shown by the patent of 1866 stands like a new invention, not acquiesced in, and not litigated. To some extent this argument is sound; but, it being shown by decrees and by acquiescence that Plimpton was the first inventor of the broad principle and mode of operation, there is not the slightest evidence to prove that he was not the first to make the particular application of 1866. Any defence which there might have been to the latter, would probably have extended to the former, and there is testimony that Plimpton was the pioneer in both.

The defendant, Winslow, was employed by the complainant to make the skates to a large extent, and was familiar with their construction. In January, 1880, he obtained a patent, in which he refers to the complainant's patent as valid, and disclaims all competition with it, and claims a combination which, of course, is subordinate to the plaintiff's, and may or may not infringe it, though it is *prima facie* a patentable improvement upon it. He seems to have copied the plaintiff's skate of 1866 in most particulars. The difference, which he emphasizes, is in the India-rubber spring, which he puts in a different place, where it acts as a cushion between the foot and the working parts of the skate. In this respect he goes back to the original form of 1863, and perhaps he is wise in doing so.

It seems to me clear: (1.) That the complainant's patent of 1866 is not rendered void by his patent of 1863; the differences in construction appear, on inspection, and on evidence as to the state of the art, to be patentable improvements. (2.) The defendant has borrowed most of the improvements of the patent of 1866, and infringes the first claim of that patent beyond any doubt. (3.) He infringed intentionally, hoping

to receive a part of the profits of this business, trusting to his patent, and getting up his patent for the purpose, and is not entitled to any particular indulgence; and no reason is shown, arising out of any peculiarities of his situation, why a preliminary injunction should not be granted against him; and it is shown that the remedy is an important one to the plaintiff.

Injunction to issue.